# United States Court of Appeals for the Fifth Circuit

_____

No. 23-40601

_____

IN THE MATTER OF MA-BBO FIVE, L.P.

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2024

Lyle W. Cayce
Clerk

*Debtor*,

COVENANT CLEARINGHOUSE, L.L.C.,

*Appellant*,

*versus*

TRINITY FALLS HOLDINGS, L.P.; PULTE HOMES OF TEXAS, L.P.; DREES CUSTOM HOMES, L.P.; PERRY HOMES, L.L.C.,

*Appellees*,

CONSOLIDATED WITH

_____

No. 23-40603

_____

IN THE MATTER OF MA BB OWEN, L.P.

*Debtor*,

COVENANT CLEARINGHOUSE, L.L.C.,

*Appellant*,

*versus*

TRINITY FALLS HOLDINGS, L.P.; PULTE HOMES OF TEXAS, L.P.; DREES CUSTOM HOMES, L.P.; PERRY HOMES, L.L.C.,

*Appellees.*

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC Nos. 4:22-CV-711, 4:22-CV-712

_____

Before HO, ENGELHARDT, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Covenant Clearinghouse L.L.C. ("CCH") served as the trustee of private transfer fees associated with a property development. But when the developers went bankrupt, the properties were sold without the private transfer fee obligation. CCH then sued, arguing that the sale was void because the Debtors failed to give CCH actual notice before selling the property. Yet CCH was not a creditor or party in interest to the bankruptcy. So it was not entitled to any more notice than it received. We therefore affirm the judgment.

In 2009, MA BB Owen, LP and MA-BBO Five, LP ("Debtors") recorded a Declaration of Covenant ("Declaration") on properties they owned as part of a real estate development project in Collin County, Texas. The Declaration imposed a private transfer fee on subsequent conveyances equal to one percent of the sale price, but it expressly exempted the Debtors from the fee. It also expressly provided the Debtors with unilateral authority to terminate the Declaration without notice to affected parties. CCH was the trustee of the transfer fees.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

2

The Debtors filed for bankruptcy two years later. They filed a motion and proposed order to sell the properties. CCH never received actual notice. Rather, notice of the sale was provided only by publication in the *Dallas Morning News*.

The Debtors entered into a purchase and sale agreement with the predecessor-in-interest to Trinity Falls Holdings L.P. ("Trinity"). The bankruptcy court entered a sale order finding that the Declaration was terminated as a condition of the sale. An official termination of the Declaration was then recorded in the Collin County property records. Trinity developed the property and sold lots to homebuilders, who then conveyed their lots to various homeowners.

CCH learned about the termination in 2021. It then filed a notice declaring the termination void. This filing prompted Trinity to file a Motion to Enforce the Sale Order and CCH to file a competing Motion to Set Aside the Sale Order. The bankruptcy court granted the former and denied the latter. The district court affirmed. CCH timely appealed.

On appeal, CCH claims that the sale order should have been voided for lack of due process because it was not given actual notice of the sale. *See* FED. R. CIV. P. 60(b)(4). This claim requires us to assess the legal validity of a judgment, so we review de novo. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998).

CCH argues that it was entitled to actual notice for two reasons. Neither is persuasive.

First, CCH argues that it was a creditor of the Debtors because it had a contingent right to payment through the private transfer fees. *See* 11 U.S.C. § 101(5)(A), (10)(A). But the Declaration expressly exempted the Debtors from paying any fees. This meant that CCH's right to payment would not accrue until the property was sold twice—once by the Debtors and again by

the second owner.  So CCH would assert its claim against the *third* owner subject to the Declaration.  That is not a contingent claim against the Debtors.  CCH was not a creditor.

Second, CCH argues that it was a party in interest to the Debtors' bankruptcy proceeding.[1]  But a party must have a legitimate claim of entitlement to have a constitutionally protected property interest.  A "unilateral expectation" isn't enough. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).  Here, the Debtors possessed the "sole and absolute discretion" to unilaterally terminate the Declaration without notice to CCH.  So CCH's claim of entitlement was always grounded in a unilateral expectation that the Debtors would not choose to terminate.  This is not a constitutionally protected property interest.

CCH relies heavily on *City of Friendswood v. Horn*, suggesting that Texas law recognizes property interests in deed restrictions that have a termination procedure over objecting beneficiaries. *See* 489 S.W.3d 515, 526 (Tex. App.—Hous. [1st Dist.] 2016, no pet.).  But the termination procedure in *Horn* required a majority vote of the lot owners in a subdivision. *Id.* at 521. Here, the Debtors had a unilateral, discretionary termination power.  These are not the same.  We thus conclude that CCH was not a party in interest, either.

All told, CCH was neither a creditor nor a party in interest.  So actual notice of the sale was not required. *See Walker v. City of Hutchinson*, 352 U.S. 112, 115–16 (1956).  Publication in the *Dallas Morning News* satisfied the

_____

[1] CCH asserts that the Declaration is a "covenant running with the land."  CCH did not fulsomely develop its "covenant running with the land" theory in the courts below. It received brief mention in a hearing to the bankruptcy court and a quotation of the Declaration's preamble in the Motion to Set Aside.  The theory was also cursorily mentioned in briefing and a hearing at the district court.

demands of due process.  The Motion to Set Aside was thus properly denied. We need not address its timeliness.

Finally, we note that bankruptcy courts have continuing core jurisdiction to enforce their prior orders.  *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009).  The bankruptcy court quoted from its prior sale order to determine when the Declaration was terminated.  And this analysis was key in its decision to grant Trinity's Motion to Enforce.  These are actions well within its core jurisdiction.

We affirm the district court's judgment.